IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SHARON D. EPPES                                                                                    PLAINTIFF

v.                                            No. 5:18-CV-00026-BSM-JTK

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner of
Social Security                                                                                    DEFENDANT

## RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### REASONING FOR RECOMMENDED DISPOSITION

Sharon Eppes applied for social security disability benefits with an alleged onset date of February 22, 2016. (R. at 62). After a hearing, the administrative law judge (ALJ) denied her application. (R. at 24). The Appeals Council denied her request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Eppes has requested judicial review.

For the reasons stated below, the magistrate judge recommends reversing and remanding the Commissioner's decision for an immediate award of benefits.

**I.     The Commissioner's Decision**

The ALJ found that Eppes had the severe impairments of hypertension, kidney transplant, back pain, and sleep apnea. (R. at 17). The ALJ then found that Eppes's impairments left her with the residual functional capacity (RFC) to lift/carry and push/pull up to twenty pounds occasionally and ten pounds frequently; sit for two hours in an eight-hour workday; stand/walk six hours in an eight-hour workday; occasionally climb, crouch, balance, kneel, stoop, crawl, and bend. (R. at 18). The ALJ found that Eppes could perform her past relevant work as a general clerk and therefore held that she was not disabled. (R. at 23–24).

## II. Discussion

The Court is to affirm the ALJ's decision if it is not based on legal error and is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997). The Court considers evidence supporting and evidence detracting from the Commissioner's decision, but it will not reverse simply because substantial evidence could support a different outcome. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

Eppes argues that she cannot perform her past relevant work under the RFC found by the ALJ, that the ALJ failed to include limitations from consultative examiners, and that the ALJ failed to give her a full and fair hearing. As the undersigned agrees that the RFC as presented in the ALJ's decision would preclude her past relevant work, it is not necessary to reach her other points.

The ALJ employed a vocational expert (VE) at the hearing to determine whether Eppes could perform her past relevant work. The ALJ presented a hypothetical question in which he asked the VE to consider an individual capable of the "full range" of light work who could occasionally climb, balance, stoop, bend, crouch, kneel, and crawl. (R.

at 54). The VE responded that such an individual could perform Eppes's past relevant work as a general clerk. (R. at 54–55).

The VE classified Eppes's past work as a secretary as a general clerk. (R. at 54). The VE relied on Eppes's description of her duties in classifying this work. Eppes listed the requirements of this job as including sitting for eight hours per day. (R. at 226, 228, 236, 238). While the VE testified that the general clerk was at a light exertional level, the Social Security Administration acknowledges that some light jobs require sitting for six to eight hours per day. *Titles II & Xvi: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2*, SSR 83-10 (S.S.A. 1983). There is no evidence or argument that the sitting requirements alleged by Eppes are incorrect. Normally, the full range of light work also encompasses the full range of sedentary work, except in unusual circumstances such as when an individual cannot sit for the time required by sedentary work. 20 C.F.R. § 404.1567(b). It is therefore assumed that a person capable of the full range of light work can sit for six to eight hours per day.

The Commissioner does not dispute that the RFC in the ALJ's decision limits Eppes to sitting for two hours. The Commissioner does not dispute that the RFC in the decision is written as intended. The Commissioner does not dispute that Eppes would be precluded from performing her past relevant work if she were limited to sitting for two hours per day. As such, she could not perform her past relevant work. The ALJ erred in relying on the answer to a hypothetical question for the full range of light work where he included sitting limitations beyond what is normally contemplated for light work.

Eppes has a limited education and was of advanced age at the onset date. (R. at 34, 62). The VE testified that Eppes had no transferable skills. (R. at 54). According to the Medical-Vocational Guidelines, a person of advanced age with a limited education

and an RFC for light work with no transferable skills is disabled if unable to return to past relevant work. 20 C.F.R. § Pt. 404, Subpt. P, App. 2. With the RFC that the ALJ found, Eppes would be disabled under the Medical-Vocational Guidelines. "Reversal and remand for an immediate award of benefits is the appropriate remedy where the record overwhelmingly supports a finding of disability." *Pate-Fires v. Astrue*, 564 F.3d 935, 947 (8th Cir. 2009). Reversing for an immediate award of benefits does not require the Court to disturb the ALJ's factual findings concerning Eppes's impairments and RFC, and the undersigned finds that this is the appropriate remedy in this case.

## III. Recommended Disposition

The ALJ did not present the RFC to the VE in a hypothetical question and thus relied on an improper response in finding Eppes capable of returning to past relevant work. Under the Medical-Vocational Guidelines, a person of Eppes's vocational profile is disabled. The ALJ's decision is therefore not supported by substantial evidence on the record as a whole. For these reasons, the undersigned magistrate judge recommends REVERSING and REMANDING for an immediate award of benefits with the onset date of February 22, 2016.

Dated this 30th day of August, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE